J-S57014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRIK LARK | |
| Appellant | No. 3039 EDA 2015 |

Appeal from the Judgment of Sentence September 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001854-2012

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 03, 2017**

Appellant, Tyrik Lark, was charged with attempted murder, aggravated assault, robbery, burglary, conspiracy, and possession of an instrument of crime, based upon allegations that he and a co-defendant, Tyree Jackson,[1] robbed and shot Luther Wilkinson inside his own home. A jury found Lark guilty only of robbery and burglary. In this appeal, Lark argues the trial court erred in allowing Wilkinson to testify that Lark's "auntie" had called him after the crime and offered to return the items stolen from him. After careful review, we conclude Lark has failed to overcome the Commonwealth's contention that this argument is waived. We therefore affirm.

_____

[1] Jackson's appeal is docketed at 921 EDA 2016.

As we decide this appeal on purely procedural grounds, we need not provide a summary of evidence at trial. Instead, we turn directly to the resolution of the issues on appeal.

Lark argues the trial court committed two errors with respect to Wilkinson's testimony about the phone call from Lark's "auntie." Wilkinson testified the defendants had stolen a lion's head necklace from him during the robbery. *See* N.T., Jury Trial, 6/24/15, at 22. Jackson's counsel asked Wilkinson if detectives subsequently found that necklace in Wilkinson's bedroom. *See id*., at 82. Wilkinson testified he recovered the necklace when Lark's "auntie" called him and put Lark on the phone. *See id*., at 83.

Wilkinson testified Lark apologized and offered to return the stolen items. *See id*. Wilkinson told Lark to give the necklace to Wilkinson's landlord. *See id*. The landlord subsequently returned the necklace to Wilkinson, telling him a "girl" brought it to him in a bar. *Id*., at 83-84.

During this passage of Wilkinson's testimony, Jackson's counsel repeatedly objected to Wilkinson's answer. First, Jackson's counsel argued Wilkinson was responding to a question that had not been asked. *See id*., at 82. Next, he objected on hearsay grounds. *See id*., at 83. Finally, he offered a non-specific objection. *See id*. Importantly, however, counsel for Lark never joined in these objections nor offered his own objection.

Jackson's counsel later made an *in camera* request for a mistrial based upon this portion of Wilkinson's testimony. *See id*., at 114. After hearing

argument from both the assistant district attorney and Jackson's counsel, the court denied the request. **See id**., at 115-122. Once again, Lark's counsel did not join the objection or voice his own objection.

Lark first contends the court should have precluded the testimony when Jackson's counsel objected to it. Second, he asserts the court should have declared a mistrial when Jackson's counsel requested one in a sidebar after Wilkinson's testimony.

The Commonwealth argues these issues are waived, as Lark did not join in Jackson's objection or request for a mistrial. Thus, the Commonwealth asserts he failed to preserve them by raising them in the trial court.

Lark does not dispute that only Jackson's counsel raised these issues before the trial court.

> However, present counsel would argue that co-counsel's objection was specific enough to inform the trial court [of] the exact basis of his objection. Further, the testimony elicited during [Jackson's counsel's] cross-examination directly [affected] Lark because it was his name and his words which [Wilkinson] began to discuss. Accordingly, present counsel would argue that Lark's right to argue this issue was not waived in that co-counsel's objections were sufficient to preserve this issue. … Co-counsel did an excellent job of outlining the issues which warranted a mistrial in this case and the issues which warrant a mistrial by co-counsel are identical to both defendants and [affect] them both the same.

Appellant's Brief, at 11-12.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Furthermore, an appellant

- 3 -

cannot sit idly by while a co-defendant objects; in order to preserve the issue for his own appeal, he must, at the very least, join in his co-defendant's objection. ***See Commonwealth v. Irvin***, 134 A.3d 67, 75 n.12 (Pa. Super. 2016).

As Lark concedes he did not join in Jackson's objection and request for a mistrial, and did not timely raise an objection of his own, the issues are waived. As a result, neither of Lark's issues on appeal are preserved. We therefore affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/3/2017</u>